**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DAVID WHITE,

    *Plaintiff*,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    *Defendant*.

Civil Action No. 13-3991 (MCA)

OPINION

---

ARLEO, UNITED STATES DISTRICT JUDGE

Before this Court is Plaintiff David White's ("Plaintiff") request for review, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g), of the Commissioner of Social Security Administration's ("Commissioner") denial of Plaintiff's Supplemental Security Income Benefits ("Disability Benefits"). Plaintiff argues that the Commissioner failed to consider substantial medical evidence showing additional limitations impact Plaintiff's residual functional capacity ("RFC") and that the Commissioner committed legal error by using an improper RFC determination to establish that there is other work in the national economy that Plaintiff can perform. For the reasons set forth in this Opinion, the Court finds that the Commissioner's decision is beyond meaningful judicial review, and therefore must be **VACATED AND REMANDED**.

**I. STANDARD OF REVIEW AND APPLICABLE LAW**

    **A. Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if there exists substantial evidence to support the decision. 42 U.S.C. § 405(g); Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence, in turn, "means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). Stated differently, substantial evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review. The reviewing court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the Commissioner's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history, and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973).

### B. Five-Step Sequential Analysis

In order to determine whether a claimant is disabled, the Commissioner must apply a five-step test. 20 C.F.R. § 404.1520(a)(4). First, it must be determined whether the claimant is

currently engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as work activity, both physical and mental, that is typically performed for either profit or pay. 20 C.F.R. § 404.1572. If it is found that the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at 503. If it is determined that the claimant is not engaged in substantial gainful activity, the analysis moves on to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(ii). The regulations provide that an impairment or combination of impairments is severe only when it places a significant limit on the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. Id.; Ortega v. Comm'r of Soc. Sec., 232 F. App'x 194, 196 (3d Cir. 2007).

At the third step, the Commissioner must determine whether there is sufficient evidence showing that the claimant suffers from a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). If so, a disability is conclusively established and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the Commissioner, at step four, must ask whether the claimant has "residual functional capacity" such that he is capable of performing past relevant work. Id. If that question is answered in the affirmative, the claim for benefits must be denied. Id. Finally, if the claimant is unable to engage in past relevant work, the Commissioner must ask, at step five, "whether work exists in significant numbers in the national economy" that the claimant is capable of performing in light of "his medical impairments, age, education, past work experience, and 'residual functional capacity.'" 20 C.F.R. §§ 404.1520(a)(4)(iii)-(v); Jones, 364 F.3d at 503. The claimant bears the burden of establishing steps one through four, while the burden of proof shifts to the Commissioner at step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

## II. DISCUSSION

### A. PROCEDURAL HISTORY

This case arises out of Plaintiff's April 20, 2010 application for Disability Benefits, which was denied initially on November 4, 2010, and on reconsideration on December 16, 2011. (Tr. 32-34, 42-43). Plaintiff then sought review before an administrative law judge, and a hearing before Donna A. Krappa (the "ALJ") took place on June 14, 2012. (Tr. 17). Following the hearing, the ALJ issued a decision on December 10, 2012, in which she found that Plaintiff was not disabled because his impairments were not so severe as to preclude all work activity. (See Tr. 16-31). Plaintiff then sought review before the Appeals Council, a request that was denied on May 3, 2013. (Tr. 6-9). Having exhausted his administrative remedies, Plaintiff then timely filed the instant action on June 27, 2013. (Dkt. No. 1, Compl.).

### B. FACTUAL BACKGROUND

Plaintiff is a 53-year-old man who alleged in his application for Disability Benefits that he became disabled on August 27, 2009. (Tr. 17). Plaintiff claims that he suffers from asthma, hypertension, affective disorders, and bone disease. (Tr. 20, 106, 266-67). At the hearing before the ALJ, Plaintiff testified that he dropped out of school in the eighth grade and worked as a forklift driver, housekeeper, and welder, and that he stopped working when he started having problems with his breathing. (Tr. 271-72). Plaintiff's asthma is treated with Advair, Albuterol, a nebulizer, steroids, and Singulair. (Tr. 274-75). On two occasions, after not having taken his medication, Plaintiff has gone to the hospital with difficulty breathing. (Tr. 147, 222, 275). Because of his asthma and lower back pain, Plaintiff testified he can walk three blocks before getting out of breath,

and can only stand for about seven to eight minutes and sit for about an hour and a half. (Tr. 279-80). Plaintiff testified, however, he has no problems taking a shower or getting dressed. (Tr. 280).

### C. THE ALJ'S DECISION

As to the first step of the five-step analysis, the ALJ found that Plaintiff was not engaged in substantial gainful activity. Next, the ALJ found that Plaintiff has the following severe impairments: (1) a disorder of the back; (2) asthma; (3) hypertension; and (4) affective disorders.

Turning to step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a Listed Impairment. (Tr. 21). The ALJ made detailed findings as to how Plaintiff's impairments did not meet the criteria of Listings 1.04 (disorders of the spine), 3.03 (asthma), 4.00 H (hypertension), and 12.04 (affective disorders). (Tr. 21-22).

The ALJ next determined Plaintiff's RFC allows him to perform light work as defined by 20 C.F.R. § 404.1567(b), with certain additional restrictions that require

> no use of ladders, ropes, or scaffolds; only occasional use of ramps or stairs; occasional balancing, stooping, kneeling, crouching, and/or crawling; no exposure to unprotected heights, hazards or dangerous machinery; that involve no concentrated exposure to temperature extremes, wetness, and/or humidity; and that involve no concentrated exposure to undue amounts of dust or known chemical irritants . . . that are unskilled and repetitive; that are low stress (that is, jobs which require only an occasional change in setting during the workday, only an occasional change in decision-making required during the workday, and, if production based, production is monitored at the end of the day rather than consistently throughout it); and that require only occasional contact with supervisors and coworkers.

(Tr. 22). Because Plaintiff was unable to perform any past relevant work, the ALJ then addressed whether Plaintiff could perform any other work based upon Plaintiff's RFC, age, education, and work experience. The ALJ, relying upon the testimony of vocational expert Rocco Meola (the

"VE"), concluded that Plaintiff could perform the requirements of several representative occupations: (1) sorter; (2) gluer; and (3) bagger. (Tr. 30). The ALJ also adopted the VE's findings that an aggregate of 1,300 such jobs existed in the regional economy and approximately 400,000 of such jobs existed in the national economy. (Id.).

Based upon the foregoing, the ALJ concluded Plaintiff was not disabled. (Id.).

### D. ANALYSIS

An ALJ must consider all pertinent evidence. Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000). While the ALJ need not discuss every piece of evidence included in the record, she must explain her reasons for discounting contradictory evidence. Id. at 122. Additionally, if the ALJ fails to provide a "clear and satisfactory explication of the basis on which [the RFC determination] rests," this Court is deprived of the ability to discharge its duty to determine whether the Commissioner's decision is supported by substantial evidence. Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). In considering all of the relevant evidence, the Commissioner unambiguously requires the ALJ to provide a "narrative discussion describing how evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). If the ALJ fails to provide such an explanation, the Court is unable to conduct a meaningful judicial review and must reverse and remand the matter. Id.

To afford the Court the opportunity to conduct meaningful judicial review, the ALJ must consider the claimant's treating physician's opinions. Adorno v. Shalala, 40 F.3d 43, 47 (3d Cir. 1994). Treating physicians' reports must be given "great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quotation

omitted). If the opinion of a treating physician conflicts with that of a non-treating, non-examining physician "the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." Id. (quotation omitted). A treating physician's opinion is due controlling weight if that opinion is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with substantial evidence of record. 20 C.F.R. § 416.927(d)(2); Plummer, 186 F.3d at 429 (quotation omitted). However, "a treating physician's opinion may be rejected on the basis of contradictory medical evidence, or may be accorded less weight depending upon the extent to which a supporting explanation is provided for the opinion." Cunningham v. Comm'r of Soc. Sec., 507 F. App'x 111, 118 (3d Cir. 2012) (citing Plummer, 186 F.3d at 429 (quotation omitted)).

The ALJ must also give consideration to the claimant's subjective complaints of pain. 10 C.F.R. §§ 404.1529, 416.929; Dorf v. Bowen, 794 F.2d 896, 901 (3d Cir. 1986). Subjective complaints alone, however, will not establish that a claimant is disabled. Dorf, 794 F.2d at 901. Although "assertions of pain must be given serious consideration," Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981), Plaintiff still "bears the burden of demonstrating that h[is] subjective complaints were substantiated by medical evidence." Alexander v. Shalala, 927 F. Supp. 785, 795 (D.N.J. 1995), aff'd, 85 F.3d 611 (3d Cir. 1996). Nonetheless, "where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence." Green v. Schweiker, 749 F.2d 1066, 1068 (3d Cir. 1984).

Plaintiff argues that the ALJ's RFC assessment was unsupported by substantial evidence because the ALJ failed to consider or explain the basis for rejecting contradictory evidence in the record. In several instances, the ALJ did account for contradictory evidence regarding Plaintiff's health conditions. For example, Plaintiff claims the ALJ did not consider the MRI from 2006, which suggested Plaintiff has degenerative disk disorder in his neck. (See Tr. 213). The ALJ,

7

however, specifically considered this evidence in her opinion. (Tr. 24). The ALJ also properly rejected Dr. DeGuzman's opinion that Plaintiff was rendered less than sedentary by this condition because Dr. DeGuzman offered no reference to objective medical evidence and her unsupported conclusion contradicted the findings of Dr. Patel and Dr. Simpkins, which are supported by objective evidence. (See Tr. 28, 158-61, 163, 213). Plaintiff also argues the ALJ did not consider evidence of his asthma and hypertension, but the ALJ properly adopted the findings of Dr. Simpkins and Dr. Patel. Dr. Simpkins found Plaintiff's asthma and hypertension were controlled, and Dr. Patel even noted Plaintiff's chest x-ray appeared normal. (Tr. 159, 163). These findings were not negated by any contradictory evidence, including Plaintiff's own statements regarding his limitations, because such statements were not supported by any objective medical evidence. (Tr. 27, 279-80).

Nonetheless, the Court finds there is contradictory evidence that the ALJ failed to address in her opinion. (See Tr. 85-86, 158-59, 171-72, 174, 177, 183-84, 188-90, 193, 197, 239-55, 284-86). Specifically, the ALJ failed to address evidence potentially demonstrating three additional limitations impacting Plaintiff's RFC: (1) concentrating for six out of eight hours per workday; (2) missing work twice per month; and (3) having no contact with supervisors. Thus, the Court is unable to conduct meaningful judicial review, and must remand.

At the hearing, the ALJ first questioned the VE about available jobs to someone of Plaintiff's age, educational background, and work history that could be performed with the exertional demands of light work and certain limitations. (Tr. 288-90). The VE concluded that a sufficient number of jobs existed in local and national economies. (Id.). The ALJ then posed a second hypothetical question in which the exertional demands were modified to sedentary work. (Tr. 290). Again, the VE concluded that a sufficient number of jobs existed in local and national

economies. (Id.). The ALJ then asked three additional hypothetical questions, all assuming the previous limitations, but also incorporating one of the following limitations: (1) the hypothetical person could only concentrate for six out of eight hours per workday; (2) the hypothetical person was absent from work approximately twice per month; or (3) the hypothetical person absolutely could not have any contact with supervisors. (Tr. 290-91). The VE responded that any hypothetical person suffering from any one of these additional limitations would be unable to compete in the economy. (Tr. 291).

The ALJ's opinion, however, did not address the contrary medical evidence that supports a finding that the Plaintiff suffered from these three additional limitations. For the Court to conduct meaningful judicial review, the ALJ must provide a "clear and satisfactory explication of the basis on which [the RFC determination] rests." Cotter, 642 F.2d at 704. By virtue of propounding such pointed hypothetical questions, the ALJ acknowledged evidence might suggest that Plaintiff could only concentrate for six out of eight hours per workday, that he would miss work twice per month, or that he was unable to have any contact with supervisors. (See Tr. 85-86, 158-59, 171-72, 184, 188-90, 193, 239-55). But in her opinion, the ALJ neither included these limitations in her RFC determination nor explained the reasons she was rejecting the evidence suggestion Plaintiff suffered from these limitations. (Tr. 30). By failing to address the contrary evidence in her opinion, this Court cannot determine whether the ALJ rejected this evidence or simply failed to consider it.[1] As such, the Court is unable to conduct a meaningful judicial review and this matter must be remanded.

---

[1] While the ALJ did state in her opinion, "[h]owever, I do not find these more stringent limitations to be applicable under the record," such a statement is insufficient for the court to determine whether the ALJ did consider all of the contrary medical evidence such that the Court can conduct a meaningful judicial review. (Tr. 30).

9

On remand, the ALJ must consider whether contrary medical evidence regarding Plaintiff's conditions alters the additional limitations impacting Plaintiff's RFC determination, and if so, the ALJ must revisit her ultimate conclusion that Plaintiff could perform a sufficient number of jobs in the economy.

### III. CONCLUSION

Because the Court finds that the ALJ's decision is beyond meaningful judicial review, the Commissioner's disability determination is **VACATED AND REMANDED.** An appropriate order will follow.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**